IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | |
| DEREK MCNEILL WASHINGTON | : | 1:21CR180-1 |
| RACHE JAMAL FORTSON | : | 1:21CR180-2 |
| SELENA DEMETRICE WASHINGTON | : | 1:21CR180-3 |
| DANIEL LEE WALKER | : | 1:21CR180-4 |
| CRYSTAL DAWN SMITH | : | 1:21CR180-5 |
| MATTHEW KELLY MARTIN | : | 1:21CR180-6 |
| WAYNE SPRY OVERMAN, JR. | : | 1:21CR180-7 |
| ALEXX LYNN SOUSA | : | 1:21CR180-8 |
| KATELYN MICHELLE MARKS | : | 1:21CR180-9 |
| CURTIS LYNN STIREWALT, JR. | : | 1:21CR180-10 |

FILED MAY 24 2021 IN THIS OFFICE Clerk U.S. District Court Greensboro, N.C.

The Grand Jury charges:

COUNT ONE

From in or about January 1, 2015, continuing up to and including on or about January 27, 2021, the exact dates to the Grand Jurors unknown, in the County of Rowan, in the Middle District of North Carolina, and elsewhere, DEREK MCNEILL WASHINGTON, RACHE JAMAL FORTSON, SELENA DEMETRICE WASHINGTON, DANIEL LEE WALKER, CRYSTAL DAWN SMITH, MATTHEW KELLY MARTIN, WAYNE SPRY OVERMAN, JR., ALEXX LYNN SOUSA, KATELYN MICHELLE MARKS, CURTIS LYNN STIREWALT, JR., and divers other persons, known and unknown to the Grand

Jurors, knowingly and intentionally did unlawfully conspire, combine, confederate, and agree together and with each other to commit offenses against the laws of the United States, that is:

To knowingly, intentionally, and unlawfully distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1).

### Quantities of Controlled Substances Involved in the Conspiracy

With respect to DEREK MCNEILL WASHINGTON, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

With respect to RACHE JAMAL FORTSON, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

With respect to SELENA DEMETRICE WASHINGTON, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

With respect to DANIEL LEE WALKER, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

With respect to CRYSTAL DAWN SMITH, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

With respect to MATTHEW KELLY MARTIN, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

With respect to WAYNE SPRY OVERMAN, JR., the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

With respect to ALEXX LYNN SOUSA, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

With respect to KATELYN MICHELLE MARKS, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

With respect to CURTIS LYNN STIREWALT, JR., the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 50 grams but less than 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B) and 841(b)(1)(A).

## COUNT TWO

On or about January 19, 2018, in the County of Rowan, in the Middle District of North Carolina, RACHE JAMAL FORTSON knowingly and intentionally did unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT THREE

On or about January 19, 2018, in the County of Rowan, in the Middle District of North Carolina, RACHE JAMAL FORTSON knowingly did possess in and affecting commerce a firearm, that is, a Remington .22 caliber rifle, having been convicted of a crime punishable by imprisonment for a term exceeding one year, and with knowledge of that conviction; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT FOUR

On or about June 19, 2018, in the County of Rowan, in the Middle District of North Carolina, WAYNE SPRY OVERMAN, JR., knowingly and

intentionally leased, rented, used, and maintained a place, that is, a residence located at 6905 Faith Road, Salisbury, North Carolina, permanently and temporarily, for the purpose of manufacturing, distributing, and using controlled substances, that is, cocaine hydrochloride and methamphetamine, Schedule II controlled substances within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 856(a)(1) and (b).

## COUNT FIVE

On or about September 14, 2018, in the County of Rowan, in the Middle District of North Carolina, MATTHEW KELLY MARTIN, knowingly and intentionally did unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT SIX

On or about January 14, 2019, in the County of Rowan, in the Middle District of North Carolina, KATELYN MICHELLE MARKS and DANIEL LEE WALKER knowingly and intentionally did unlawfully possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT SEVEN

On or about January 14, 2019, in the County of Rowan, in the Middle District of North Carolina, DANIEL LEE WALKER, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, as more fully referenced in Count Six of this Indictment, did knowingly possess a firearm, that is, a Springfield .45 caliber handgun; in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT EIGHT

On or about January 14, 2019, in the County of Rowan, in the Middle District of North Carolina, KATELYN MICHELLE MARKS knowingly and intentionally did unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT NINE

On or about February 4, 2019, in the County of Rowan, in the Middle District of North Carolina, ALEXX LYNN SOUSA knowingly and intentionally did unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TEN

On or about April 2, 2019, in the County of Rowan, in the Middle District of North Carolina, DANIEL LEE WALKER knowingly and intentionally did unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT ELEVEN

On or about April 2, 2019, in the County of Rowan, in the Middle District of North Carolina, CURTIS LYNN STIREWALT, JR., knowingly and intentionally did unlawfully possess with intent to distribute a quantity of a

8

mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TWELVE

On or about September 5, 2019, in the County of Rowan, in the Middle District of North Carolina, CRYSTAL DAWN SMITH knowingly and intentionally did unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT THIRTEEN

On or about September 17, 2019, in the County of Rowan, in the Middle District of North Carolina, CRYSTAL DAWN SMITH knowingly and intentionally did unlawfully possess a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FOURTEEN

On or about September 18, 2019, in the County of Rowan, in the Middle District of North Carolina, KATELYN MICHELLE MARKS knowingly and intentionally did unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FIFTEEN

On or about January 27, 2021, in the County of Rowan, in the Middle District of North Carolina, DEREK MCNEILL WASHINGTON knowingly and intentionally did unlawfully possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT SIXTEEN

From on or about November 3, 2017, continuing up to and including on or about December 18, 2018, the exact dates to the Grand Jurors unknown, in

the County of Rowan, in the Middle District of North Carolina, and elsewhere, DEREK MCNEILL WASHINGTON, SELENA DEMETRICE WASHINGTON, and divers other persons, known and unknown to the Grand Jurors, knowingly and intentionally did unlawfully conspire, combine, confederate and agree together and with each other to commit offenses against the laws of the United States, that is: to knowingly conduct and cause to be conducted financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and causing to be conducted such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## FORFEITURE ALLEGATION

1.  The allegations contained in this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Section 853, Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of one or more of the offenses alleged in Counts One, Two, Four through Six, and Eight through Fifteen of the Indictment, the defendants, DEREK MCNEILL WASHINGTON, RACHE JAMAL FORTSON, SELENA DEMETRICE WASHINGTON, DANIEL LEE WALKER, CRYSTAL DAWN SMITH, MATTHEW KELLY MARTIN, WAYNE SPRY OVERMAN, JR., ALEXX LYNN SOUSA, KATELYN MICHELLE MARKS, and CURTIS LYNN STIREWALT, JR., shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title and interest in and to the following:

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation; and

    b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of the offense alleged in Count Three of this Indictment, the defendant, RACHE JAMAL FORSTON, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all right, title and interest in and to any firearms or ammunition involved in or used in the commission of the offense.

12

4. Upon conviction of the offense alleged in Count Seven of this Indictment, the defendant, DANIEL LEE WALKER, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all right, title and interest in and to any firearms or ammunition involved in or used in the commission of the offense.

5. Upon conviction of the offense alleged in Count Sixteen of this Indictment, the defendants, DEREK MCNEILL WASHINGTON and SELENA DEMETRICE WASHINGTON, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), and property, real or personal, involved in such offense, or any property traceable to such property.

6. The property subject to forfeiture pursuant to paragraphs 2, 3, 4, and 5 above may include, but shall not be limited to, the following:

    a. Remington .22 caliber rifle;

    b. Springfield .45 caliber handgun; and

    c. A forfeiture money judgment in an amount representing the total amount subject to forfeiture based on the offenses of which the defendant is convicted.

7. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 21, United States Code, Section 853, 18, United States Code, Section 924(d), Title 18, United States Code, Section 982(a)(1), Rule 32.2, Federal Rules of Criminal Procedure, and Title 28, United States Code, Section 2461(c).

DATED: May 24, 2021

SANDRA J. HAIRSTON
Acting United States Attorney

BY: TERRY M. MEINECKE
Assistant United States Attorney

A TRUE BILL:

_____
FOREPERSON

14